**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Nelson F. Custer, Jr., et al.,** | ) | **CASE NO. 1:09 CV 2227** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **National City Corporation, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon Defendants National City Corporation, National City Bank, and National City Mortgage Co.'s Motion to Dismiss (Doc. 7). For the following reasons, the motion is GRANTED.

**Facts**

Plaintiffs, Nelson F. Custer, Jr. and Trina V. Custer, proceeding *pro se,* filed this Complaint against defendants, National City Corporation (NCC), National City Bank (NCB), and National City Mortgage Co. (NCM) (incorrectly named as National City Mortgage), in the Medina County Court of Common Pleas. Defendants removed the case to this Court on

1

the basis of federal question jurisdiction.

The Complaint (with documents attached thereto) alleges the following.

Plaintiffs applied by telephone for a mortgage loan (the Loan) from NCB on or about August 18, 2006. They requested a traditional, 20-year, fixed rate mortgage that allowed prepayment.  The Loan closed on August 24, 2006 (the Closing Meeting). On that day, plaintiffs executed a Note in the principal amount of $100,290.00 with NCB, as well as an Open-End Mortgage on the real property located at 1198 Bridgeport Dr., Medina, Ohio 44256 (the Property), in connection with the Note, in favor of NCB. The Mortgage was a second mortgage on the Property.

The Loan documents attached to the Complaint show that the Note contained the following terms:

> - It utilized an annual percentage rate of 8.353%. It further
> made clear that: "Interest will accrue from the date of this Note and be
> computed on a simple interest basis based on a 365-day year, but
> calculated on actual days. Accordingly, your payment history could affect
> the amount you will pay under this Note."
>
> - It was for a fixed term of 20 years.
>
> - It was payable over a period of 239 equal monthly installments of
> $862.97, with one irregular final installment of $857.65.
>
> - It allowed voluntary prepayment of the principal at any time. However,
> it stated that Plaintiffs "authorize[d NCB] to apply all prepaid sums to the
> amounts due and owing under this Note in any manner [NCB] elect[s]."

The Complaint further alleges that some months after the closing plaintiffs discovered that their " 'extra payments' were not being applied correctly and/or as expected[.]"   On March 5, 2007, plaintiffs met with Steve Corkran, a representative of one of the defendants, in

2

an effort to resolve their concerns.  According to plaintiffs, Corkran prepared a two page document explaining how plaintiffs' payments were being calculated.  Plaintiffs submit this document as Exhibit D to the Complaint.  Plaintiffs allege that Corkran was not successful in explaining the calculations, contradicted himself, became frustrated, and ultimately escorted plaintiffs out of his office.

Exhibit D, entitled "Explanation of Payment," states that plaintiffs' account is a simple interest loan.  Further, under the simple interest formula set forth in the Note, interest is "charged on a per diem basis at the time of payment calculated as follows:  Principal Balance x Interest Rate $\div$ 365 x # of days since last transaction."  With regard to plaintiffs' Loan the calculation was: \$100,290.00 x 8.34% $\div$ 365 x 38 = \$870.79. Under this formula, plaintiffs' monthly payment did not fluctuate. However, the amount allotted each pay period to interest versus principal would vary slightly based on the amount of days in the period.

The Complaint sets forth five claims.  Count One alleges a violation of the Truth in Lending Act.  Counts Two, Three, and Four allege negligence and fraudulent misrepresentation.  Count Five alleges notary fraud.

This matter is now before the Court upon Defendants National City Corporation, National City Bank, and National City Mortgage Co.'s Motion to Dismiss.

**Discussion**

**(1) Lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process as to NCC and NCM**

Defendants move to dismiss NCC and NCM for lack of personal jurisdiction (Federal Rule of Civil Procedure 12(b)(2) ), insufficient process (Rule 12(b)(4) ), and insufficient service of process (Rule 12(b)(5) ).

3

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distributing, Inc. v. Hornell Brewing,* 340 F.3d 345 (6th Cir. 2003) (citations omitted). Consequently, actual knowledge of a lawsuit cannot cure "technically defective service of process." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991).

A review of this Court's docket, as well as the state court docket, shows that plaintiffs perfected service only upon defendant NCB.  NCC and NCM were never served with summons and the Complaint.

Plaintiffs do not dispute that they made no effort to serve defendants NCC and NCM. Accordingly, dismissal of these defendants is warranted.

**(2) Truth in Lending Act**

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

**Discussion**

Defendants argue that plaintiffs' Truth in Lending Act (TILA) claims are time-barred. For the following reasons, this Court agrees.

TILA provides for a one-year statute of limitations. 15 U.S.C.§ 1640(e). The Sixth Circuit recognizes that the one year period begins to run when a plaintiff discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation. *Borg v. Chase Manhattan Bank USA, N.A.,* 247 Fed. Appx. 627 (6th Cir. 2007) (citing *Jones v. TransOhio Sav.Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984) ).

Plaintiffs allege (1) problems with the Loan documents themselves; (2) discrepancies between the Loan documents and the terms that NCB actually applied in processing payments; and (3) failure to receive all Loan documents at the Closing meeting. Plaintiffs do not dispute that they were permitted to review every Loan document, including the Note and

Mortgage, at the time they signed it on August 24, 2006. It is further alleged that plaintiffs became aware of the issues regarding problems with processing payments within the next several months. To the extent that they had not received copies of the Loan documents at the Closing Meeting, plaintiffs admit that they obtained those copies by their March 5, 2007 meeting with Mr. Corkran. Thus, assuming that plaintiffs' first reasonable opportunity to discover the final issues underlying their TILA claim occurred on March 5, 2007, the last day that their TILA claim was timely was March 5, 2008. Plaintiffs did not file this Complaint until August 21, 2009. On this basis, the TILA claim for damages is time-barred.

Plaintiffs argue that their right to recision is not time-barred. For the following reasons, this Court disagrees.

Plaintiffs were allowed to rescind their Loan transaction until "midnight of the third business day" following the latest of: (1) the date credit was extended, i.e., August 24, 2006; (2) delivery of the rescission notice described in 12 C.F.R. § 226.15(b); or (3) delivery of all "material disclosures," which are specifically defined. 12 C.F.R. § 226.15(a). In the event that the consumer has not been duly notified of her right to rescind, Regulation Z extends the right to rescind to three years. *Sibby v. Ownit Mortg. Solutions, Inc.,* 240 Fed.Appx. 713 (6th Cir. 2007) (citations omitted).

In their brief opposing defendants' request for dismissal, plaintiffs argue that required material disclosures were not made and, therefore, they had three years to rescind the Loan. The allegations of plaintiffs' Complaint along with the documents attached, however, show that plaintiffs were provided with proper recision notices on August 24, 2006. In particular, on that date plaintiffs received two copies of a "Notice of Right to Cancel" which contain the

6

specific disclosure requirements set forth in 12 C.F.R. § 226.15(b). (Compl. at 1; Ex. A)

Plaintiffs' Complaint also acknowledges that they received the Fixed Rate Consumer Note and Security Agreement which set forth the information required by 12 C.F.R. § 226.15(a)(3). (*Id.*) As such, plaintiffs received the required material disclosures on August 24, 2006.

Because the Complaint establishes that plaintiffs received the Notice of Right to Cancel and the document containing the required disclosures on August 24, 2006, their right to rescind expired at midnight on August 28, 2006. Accordingly, plaintiffs' August 21, 2009 request for recision is untimely

For these reasons, plaintiffs' TILA claim is time-barred.

### (3) Fraud and negligence

Defendants argue that plaintiffs' state law claims for fraud and negligence fail to state a claim. Plaintiffs do not address these claims. In that defendants present sufficient reasons to support a dismissal and plaintiffs do not present any opposition, defendants' motion is granted as to these claims.

### Conclusion

For the foregoing reasons**,** Defendants National City Corporation, National City Bank, and National City Mortgage Co.'s Motion to Dismiss is granted.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan  
                                                  PATRICIA A. GAUGHAN  
Dated: 1/19/10                   United States District Judge